UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00321-RJC-DCK

| | |
|---|---|
| PAUL KEELEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **Order** |
| SYNAGRO TECHNOLOGIES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Strike or Dismiss (Doc. No. 19) and the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 24). The parties have not filed any objections to the M&R, and the time for doing so has expired. *See* Fed. R. Civ. P. 72(b)(2).

**I.    BACKGROUND**

Neither party has objected to the Magistrate Judge's description of this case's factual and procedural background. Therefore, the Court adopts that description as set forth in the M&R.

**II.    STANDARD OF REVIEW**

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A), (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De

novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee's note).

## III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district judge must make a de novo determination of any portion of an M&R to which specific written objection has been made. A party's failure to make a timely objection is accepted as an agreement with the M&R's conclusions. *See Thomas v. Arn*, 474 U.S. 140, 149–52 (1985). No objection to the M&R having been filed, and the time for doing so having passed, the parties have waived their right to de novo review of any issue addressed in the M&R. Nevertheless, the Court has conducted a full review of the M&R and other documents of record and, having done so, finds no clear error. Accordingly, the Court **ADOPTS** the M&R.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The M&R (Doc. No. 24) is **ADOPTED**; and
2. The Defendant's Motion to Strike or Dismiss (Doc. No. 19) is **DENIED**.

Signed: December 5, 2022

Robert J. Conrad, Jr.
United States District Judge