# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CASE NO. 3:21-CV-321-RJC-DCK

| | | |
|---|---|---|
| **PAUL KEELEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **STIPULATED PROTECTIVE** |
| | ) | **ORDER** |
| **SYNAGRO TECHNOLOGIES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Consent Motion For Stipulated Protective Order" (Document No. 32) filed October 5, 2023. With the consent of Plaintiff, Defendant has moved the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, as well as Local Rule 7.1, for entry of a Stipulated Protective Order to protect certain materials to be produced by the City of Charlotte (the "City") in response to a subpoena served upon Charlotte Water, a City department, by Synagro Technologies, Inc. (the "Subpoena"):

Having carefully considered the motion and the record, the undersigned will grant the motion and enter the parties' proposed Stipulated Protective Order as follows.

**IT IS HEREBY ORDERED** that the following restrictions and procedures shall apply to information, documents, excerpts from documents, and audio and video recordings (collectively "Produced Documents") produced by the City in response to the Subpoena:

1.      Counsel for the City may designate any Produced Documents as confidential if the City's counsel determines, in good faith, such designation is necessary to prevent the disclosure of information protected by N.C.Gen.Stat. § 132-1.2. So designated Produced Documents shall

be labeled "CONFIDENTIAL." Confidential information or documents may be referred to collectively as "confidential information."

2.    Unless otherwise ordered by the Court, or otherwise provided for herein, the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3.    Confidential information shall not be disclosed to any person, except:

    a.    Counsel and employees of counsel assigned to and necessary to assist in the litigation;

    b.    Consultants or experts to the extent deemed necessary by counsel;

    c.    Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the confidential information; and

    d.    The Court or the jury at trial or as exhibits to motions, but only if filed under seal.

4.    Before disclosing or displaying the confidential information to any person, counsel shall:

    a.    Inform the person of the confidential nature of the information or documents; and

    b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

5.      The confidential information may be displayed to and discussed with the persons identified in Paragraph 3(b) and (c) only on the condition that before any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached as Exhibit A.  In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from this Court.

6.      For the purpose of Paragraphs 3(c) and (d) it is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law.  This Protective Order does not provide for the automatic sealing of such documents.

7.      At the conclusion of litigation, the confidential information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of a final judgment no longer subject to further appeal) returned to the City or certified as destroyed.

8.      The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

9.      Should any party to the litigation seek to remove the confidentiality designation from any Protected Document, that party may file a motion with this Court.  The non-moving party and the City shall be given notice of any such motion and shall have 14 days to respond.

**SO ORDERED**.

Signed: October 5, 2023

_____

David C. Keesler
United States Magistrate Judge

**AGREED** to this the 2nd day of October, 2023.

/S/ **T. JONATHAN ADAMS**
STRIANESE HUCKERT, LLP
3501 Monroe Road
Charlotte, North Carolina 28204
Phone: (704) 966-2106
Jadams@strilaw.com

*Attorney for Plaintiff*

/S/ **H. BERNARD TISDALE III**
NC State Bar No. 23980
JACKSON LEWIS P.C.
200 S. College St., Ste. 1550
Charlotte, North Carolina 28202
Phone: (980) 465-7237
Bernard.Tisdale@jacksonlewis.com

**KELLY A. WALKER**
NC State Bar No. 49535
JACKSON LEWIS P.C.
200 S. College St., Ste. 1550
Charlotte, North Carolina 28202
Phone: (980) 465-7254
kelly.walker@jacksonlewis.com

*Attorneys for Defendant*

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO. 3:21-CV-321-RJC-DCK

| | | |
|---|---|---|
| PAUL KEELEY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ACKNOWLEDGMENT OF** |
| | ) | **STIPULATED PROTECTIVE** |
| | ) | **ORDER** |
| SYNAGRO TECHNOLOGIES, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

I, _____, declare as follows:

I acknowledge receipt of a copy of the Stipulated Protective Order dated _____, in <u>Paul Keeley v. Synagro Technologies, Inc.</u>, which is pending in the United States District Court for the Western District of North Carolina, 3:21-CV-321-RJC-DCK and agree that I:

(1)  understand the terms thereof and agree to comply with and be bound by its provisions with respect to any information provided to me under the terms of the Stipulated Protective Order.

(2)  will not reveal any information provided to me under the terms of this Stipulated Protective Order to anyone other than such persons designated in Paragraph 3 of the Order; and

(3)  will utilize such confidential information solely for the purposes of this litigation.

I further understand that if I fail to comply with the terms of the Stipulated Protective Order, I may be subject to sanctions by the Court, and I consent to the jurisdiction of the above-referenced Court for such purpose.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATE: _____

SIGNATURE: _____

PRINTED NAME: _____

5